IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISTINA WILLINGHAM, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CVS HEATH CORPORATION, a Delaware Corporation,<br><br>    Defendant. | Case No. 1:24-cv-00167-JJM-LDA |

**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

The above-entitled matter came before the Court on Plaintiffs Unopposed Motion and Incorporated Memorandum of Law for Collective Settlement Approval ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the Court GRANTS the Motion for Settlement Approval and orders as follows:

**The Settlement Is Approved**

1. The Court approves and incorporates by reference all of the definitions contained in the Settlement Agreement and Release of Claims (the "Agreement").

2. The Court certifies, for purposes of the Parties' Agreement, the following FLSA Collective: "Plaintiffs, Opt-In Plaintiffs, and all persons who performed work as a third-party worker at a CVS Roll Out Center and did not sign an arbitration agreement at any time between April 29, 2021, and January 8, 2025."

3. The Court approves the $325,000.00 settlement as a fair and reasonable resolution of a bona fide dispute. When asked to approve settlements under the Fair Labor Standards Act ("FLSA"), courts approve settlements when they are a "fair and reasonable resolution of a bona

fide dispute over FLSA provisions." *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp. 3d 258, 260 (D. Mass. 2015), *quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982).

4.   Here, the settlement meets the standard for approval. First, the settlement was the result of contested litigation. Defendant denied that it violated the FLSA or any other law. Moreover, Defendant denied that it employed the members of the FLSA Collective. The settlement was the result of thorough investigation and substantial arm's-length negotiations with the assistance of an esteemed wage and hour mediator over disputed issues between counsel well versed in wage and hour law. Indeed, recognizing the uncertain legal and factual issues involved, the parties reached their settlement after attending a private mediation before an experienced mediator. Furthermore, the settlement amount of $325,000.00 provides significant and meaningful compensation to the FLSA Collective when the outcome of the case is uncertain.

### The Settlement Procedure and Structure Is Approved

A one-step settlement approval process is appropriate in FLSA collective action settlements. *See Herb v. Homesite Grp. Inc.*, No. 1:22-CV-11416-JEK, 2024 WL 3593918, at *2 (D. Mass. July 31, 2024) ("As an initial matter, the parties' requested one-step approval process is appropriate in this case because the proposed FLSA settlement does not include any Federal Rule of Civil Procedure 23 class releases."). *See also Lauture v. A.C. Moore Arts & Crafts, Inc.*, No. 17-CV-10219-JGD, 2017 WL 6460244, at *1 (D. Mass. June 8, 2017) (collecting cases and holding "[a] one-step approval process is appropriate in FLSA settlements that do not include proposed Federal Rule Civil Procedure 23 class releases."). This is because "[u]nlike Federal Rules of Civil Procedure Rule 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt-in [in order to] be bound by any judgment." *Id. See also, Herb* at

*2 ("An FLSA settlement is, in other words, not binding on absent class members. Since those who do not opt in to an FLSA collective may, in turn, initiate their own lawsuits, FLSA collective actions do not implicate the same due process concerns as Rule 23 actions.").

5. The settlement Notice attached to the Agreement is approved. The settlement Notice sufficiently informs the Settlement Collective of the nature of the claims asserted and the terms of the settlement, including how they may participate, the allocation formula, the estimated individual settlement payment, the scope of the release, the amount of the service award, the amount of the settlement administration expenses, and the attorneys' fee award and litigation costs. *See Herb* at *3 (approving notice where "[t]he parties' proposed notice of settlement sufficiently summarizes this litigation and the terms of the settlement; estimates payments to potential collective members and how those payments will be issued; describes how such members can submit a claim and the deadline for doing so; and provides information about attorney's fees and costs as well as [plaintiff's] service award.") *See also Duhaime v. John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54, 61 (D. Mass. 1997) (approving notice where "the content of the notice … provided class members the information necessary to make an informed and intelligent decision about whether to participate.").

6. The Settlement Payments to Participating Plaintiffs shall be calculated and distributed pursuant Section 14(e)(i) and Section 14(f) of the Agreement.

### The Collective Representative Service Award Are Approved

7. The Collective Representative Service Award of $5,000.00 to the Named Plaintiff is approved as reasonable. "Because a named plaintiff is an essential ingredient of any class action, an incentive award can be appropriate to encourage or induce an individual to participate in the suit." *See also*, *In re Compact Disc Minimum Advertised Price Antitrust Litig.,* 292 F.Supp.2d 184,

189 (D.Me.2003). *In re Lupron,* 2005 WL 2006833, at *7 ("Incentive awards are recognized as serving an important function in promoting class action settlements."). Courts "routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *In re Lorazepam & Clorazepate Antitrust Litig.,* 205 F.R.D. 369, 400 (D.D.C.2002) (internal citations and quotations omitted).

8.  The requested award is aligned with awards in other wage and hour cases within this District and Circuit. *See Scovil v. FedEx Ground Package Sys., Inc.*, No. 1:10-CV-515-DBH, 2014 WL 1057079, at *6 (D. Me. Mar. 14, 2014) ("Recent cases reflect that distinction in not only employment discrimination cases but also in wage and hour cases, where recently awards of $10,000 and $15,000 are not uncommon and on occasion reach $20,000, $30,000 and higher.").

**Fees and Costs of the Settlement Administrator and Attorneys Are Approved**

9.  The Court approves the appointment of ILYM, Inc. as the Settlement Administrator and approves its fees and costs from the Gross Settlement Amount of up to $5,100.68 to administer the settlement. As the appointed Settlement Administrator, ILYM, Inc. will be responsible for executing the functions outlined in the Agreement.

10. The Court grants Plaintiffs' Counsel's request for 33.33% of the $325,000.00 common fund in the amount of $108,322.50 as reasonable attorneys' fees. The United States Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

11. The amount of one-third of the common settlement fund for attorney fees is in line with what other courts in the First Circuit approve as reasonable attorneys' fees in FLSA collective actions. *See, e.g. Herb* at *4 (collecting cases and holding "one-third of the settlement's [] common

fund, a percentage that is routinely approved."). Indeed, "[a] fee award of one-third is appropriate because it mimics the market." *Lauture v. A.C. Moore Arts & Crafts, Inc.*, No. 17-CV-10219, 2017 WL 5900058, at *1 (D. Mass. Nov. 28, 2017).

12. Collective Counsel entered into a contingent fee agreement with Plaintiff. This further reinforces the appropriateness of the one-third fee award because Collective Counsel took on all the risk associated with prosecuting the case and the potential that nothing would be recovered.

13. Additionally, Plaintiffs' Counsel's request for reimbursement of up to $12,000.00 in actual out-of-pocket expenses incurred in prosecuting this case, including costs for court fees, expert fees, and Plaintiffs' portion of the mediator's fees, is granted.

14. Collective Counsel represents that at the time the Motion for Settlement Approval was filed the hard costs only totaled $8,686.40 and that any unused costs will pour into the Collective Settlement Amount to be distributed to Participating Plaintiffs. This further supports the approval and reasonableness of the requested costs and settlement Agreement as a whole.

### Dismissal and Post-Judgment Procedure

15. The Court will retain jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including for overseeing the distribution of settlement funds.

16. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

17. Consistent with paragraph 14(i) of the Agreement, within seven (7) days after the filing of the final Claim Forms, including any late forms filed pursuant to subsection "f" of

paragraph 14, the Parties will jointly request that the Court dismiss the Action with prejudice and direct entry of judgment.

      18.    The Effective Date for purposes of the Agreement shall be the tenth calendar day after this Order becomes non-appealable, which is thirty (30) days from the entry of this order.

It is so ORDERED this 15th day of May, 2025.

                                                      Hon. John J. Mcconnell, Jr.
                                                      United States District Judge